IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NARENDRA N. PATEL | § | |
| | § | |
| V. | § | A-10-CA-243 SS |
| | § | |
| TEXAS WORKFORCE COMMISSION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Application to Proceed *In Forma Pauperis*, filed on April 7, 2010 (Clerk's Doc. No. 1); and Plaintiff's Request for Appointment of Counsel (Clerk's Docket No.2). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Based upon Plaintiff's Financial Affidavit, the Court finds that Plaintiff is indigent. Accordingly, Plaintiff's Application for *In Forma Pauperis* (Clerk's Doc. No. 1) is GRANTED. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2).

**I. ANALYSIS**

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or

importance, not worthy of serious consideration, or trivial.*" Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

In the instant lawsuit, Plaintiff alleges that his former employer, the Texas Department of Transportation ("TxDOT") discriminated against him because of his race, religion, national origin and prior complaint of discrimination, in violation of Title VII of the Civil Rights Act of 1964. Although Plaintiff's 28-page Complaint focuses almost entirely on the alleged discriminatory actions of TxDOT, Plaintiff inexplicably names the Texas Workforce Commission ("TWC") as the defendant in this case. Interestingly, Plaintiff filed an identical Title VII lawsuit (with the same 28-page Complaint) against his former employer, TxDOT, on the same day he filed the instant case. *See Patel v. Texas Department of Transportation*, A-10-CV-242 SS.[1]

The Court finds that Plaintiff's lawsuit against the TWC should be dismissed since only employers may be held liable under the provisions of Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994); s*ee also* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). Because Plaintiff was not employed by the TWC, the TWC cannot be held liable under Title VII and this lawsuit should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Based upon the foregoing, the Court also finds that Plaintiff's Request for Appointment of Counsel (Clerk's Docket No.2) should be DENIED.

---

[1] Plaintiff has also filed a Motion for *In Forma Pauperis* and Motion for Appointment of Counsel in the TxDOT case as well, which are currently pending before this Court.

## II.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of April, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE